*172 OPINION.
Lansdon:
Sections 166 and 167 of the Revenue Act of 1928 provide that, where the grantor of a trust has the power “ either alone or in conjunction with any person not a beneficiary of the trust ” to divert to himself either the corpus or income of the trust, he shall be taxable on such income or the income from such corpus. In the instant case the power to revoke was in conjunction with the two trustees who were beneficiaries of the trust in the event the grantor did not exercise the power of appointment reserved to her. The respondent contends that such a contingent beneficial interest was *173 not contemplated by the word “ beneficiary ” as used in sections 166 and 167 of the Eevenue Act of 1928. In Smith v. Commissioner, 59 Fed. (2d) 56, however, where the Circuit Court of Appeals for the First Circuit reversed the Board’s decision reported in 23 B. T. A. 631, it was held that the word “ beneficiary ” included all classes of beneficiaries under the trust. In the course of its discussion the court stated:
It would, seem that Congress did not intend, by the use of the term “ beneficiary ” in Section 219 (g) only a beneficiary having a present vested interest, but intended to include within that term a beneficiary or beneficiaries having-contingent interests as well as those having present or vested ones.
Undoubtedly Congress could have drawn a line between beneficiaries holding vested and contingent interests, or between those having contingent interests based on their respective degrees of remoteness, but it has done neither of these things. It is, therefore, far more reasonable to conclude that by the word “ beneficiary ” Congress intended to include persons or classes of persons designated, in the particular trust under consideration, entitled to take present or contingent interests thereunder.
In, accordance with the opinion of the Circuit Court in the Smith case which is controlling here, we conclude that the trust of July 1, 1927, was not revocable within the meaning of sections 166 and/or 167 of the Eevenue Act of 1928. Cf. White v. Erskine, 47 Fed. (2d) 1014; and Lewis v. White, 56 Fed. (2d) 390. It follows that petitioner is taxable on the ordinary net income only.
Since no part of the profit from the sale of the trust assets is taxable to the petitioner, it is unnecessary for us to determine the basis for computing such profit.
Eeviewed by the Board.

Decision will he entered v/nder Rule SO.

Muedock concurs in the result.